UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jaylin's Properties, LLC., <br><br>     PLAINTIFF <br><br>  v. <br><br> Reginald Evans, <br><br>     DEFENDANT | Case No. 3:23-cv-5605-JFA <br><br><br> **ORDER** |

## I.     INTRODUCTION

Reginald Evans ("Evans" or "Defendant"), proceeding *pro se* and in *forma pauperis*, filed this action against Jaylin's Properties, LLC ("Plaintiff"), seeking to remove a state court action to federal court. The basis for this appears to be Defendant's desire to file a counterclaim based on federal law.

The complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Shiva Hodges. The complaint now comes before this Court for review of the Report and Recommendation ("Report") filed by the Magistrate Judge. (ECF No. 7). The Report recommends that the matter be remanded to the Sumter County Court of Common Pleas for lack of subject matter jurisdiction.  (*Id*. at 4). The Magistrate Judge required Plaintiff to file objections by November 21, 2023. *Id*. Evans has filed an objection to the Report. (ECF No. 11). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2,

2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report, and therefore no further recitation is necessary here. (ECF No. 7). In response to the Report, Evans makes multiple objections. (ECF No. 11). Evans' arguments are not properly characterized as specific objections to the Report which would allow for *de novo* review. However, the Court will address these objections below.

#### A. Counterclaim Based on Federal Law

Evans first objects to the Magistrate Judges' conclusion that the Court does not have subject matter jurisdiction in this case despite Evans attempt to "file a counterclaim based on federal law." (ECF No. 7 at 2). He then argues that this Court has jurisdiction, citing *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631 (2023) (addressing a taxpayer's standing to sue where taxpayer sought to advance takings claim). However, Evans fails to address the fundamental issue with his own case. Here Evans, the defendant, seeks to remove based on issues of federal law he raises in what appears to be a counterclaim. The Magistrate Judge addressed this issue head-on in the Report, noting that the federal question must be presented on the face of the *plaintiff's* properly pleaded complaint. (ECF No. 7 at 3). It is well established that counterclaims cannot create "arising under" jurisdiction. Accordingly,

Evans' objection is overruled.

### B. Consent to Removal and Related Claims

In the second objection, Evans appears to object to the statement that multiple defendants did not consent to removal and that certain questions of timeliness exist. The substance of Evans' objection appears to be dedicated to an explanation of various delays that created the timeliness issues. The Court notes that the statement to which Evans purports to object was included in a footnote in which the Court expresses "no opinion on whether this case would be properly removed if the court had subject matter jurisdiction. . ." As noted earlier in this Order, the Court does not have subject matter jurisdiction in this case. Evans asks the Court to make a ruling on an issue that is moot in light of the lack of subject matter jurisdiction in this case. Accordingly, no ruling is necessary.

### C. Evans' Citizenship and Impact on Removal

Evans asserts, without any supporting evidence, that he is a resident of the State of Maryland. This argument is in direct contradiction to the claims he makes in his respective briefing, including his contention that he lived at 12 East College Street, Sumter, South Carolina 29150. (*See* ECF No. 1 at 3). Evans also asserts that he is "a citizen and resident of America and doing business in the State of South Carolina." *Id* at 5. There is no evidence in the record supporting Evans' claim that he is a resident of Maryland. Accordingly, the objection is overruled.

### IV.    CONCLUSION

The Court has carefully reviewed the Report, Defendants' Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and

Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 7, is **ACCEPTED**.[1] This matter is remanded to the Sumter County Court of Common Pleas.

**IT IS SO ORDERED.**

March 28, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] Outstanding motions ECF No. 13 and ECF No. 19 are MOOT.